Thelma Rosenberg v. Commissioner.
Rosenberg v. Commissioner
Docket No. 6098-66.
United States Tax Court
T.C. Memo 1970-201; 1970 Tax Ct. Memo LEXIS 161; 29 T.C.M. (CCH) 888; T.C.M. (RIA) 70201; July 16, 1970, Filed Philip J. Erbacher, 1100 Commerce Trust Bldg., Kansas City, Mo., for the petitioner. Wayne A. Smith, for the respondent. 889 TANNENWALD
Memorandum Findings of Fact and Opinion TANNENWALD, Judge: Respondent *162 determined a deficiency of $3,702.86 with respect to petitioner's 1961 income tax. The issues for determination are: (1) Whether respondent's disallowance of petitioner's claimed loss deduction was arbitrary and capricious in that respondent did not, prior to the issuance of the statutory notice of deficiency under section 6212(a), [1] provide informal administrative conferences pursuant to sections 601.101, 601.103, 601.105, and 601.106, Income Tax Regs., and on the further ground that the revenue agent did not examine the underlying accounting records which allegedly demonstrated the existence of the claimed loss. (2) Whether petitioner has established that a partnership, in which her husband (with whom she filed a joint return) was a partner, suffered a net operating loss in 1961 which could be deducted on their 1961 joint return. (3) Whether petitioner is entitled to have this Court order a refund to her because of an overpayment of taxes for the taxable year of 1961. Findings of Fact Some of the facts are stipulated and are found accordingly. At all times, petitioner, *163 Thelma Rosenberg, was married to Theodore Rosenberg (hereinafter Theodore). They resided at Prairie Village, Kansas, at the time the petition herein was filed. On February 20, 1964, petitioner and her husband filed a joint Federal income tax return for the taxable year 1961. The return, which showed an overpayment of $6,701.20, and a claim for refund, were filed with the district director of internal revenue, Wichita, Kansas. During 1960 and 1961, petitioner's husband Theodore and their son Robert were partners in a firm known as Solari Furs. Solari Furs filed a partnership return for the taxable year 1960 which reported an income of $15,517.18. No partnership return was filed for the taxable year 1961. The 1960 return was audited by an examining agent for the office of the district director of internal revenue, St. Louis, Missouri, in 1962. On March 23, 1962, an involuntary petition in bankruptcy was filed against Solari Furs and its two partners, Theodore and Robert. All three parties were adjudicated bankrupt on May 14, 1962. See footnote 2, infra. During the bankruptcy proceedings, an examining agent for the Internal Revenue Service made an examination of Solari Furs' sales *164 records, including the taxable year 1961, for the purpose of determining sales subject to Federal excise taxes. A copy of this report was furnished to the parties. Revenue Agent Walter H. Epp was assigned to examine the 1961 return filed by petitioner and Theodore. In connection with his examination, Epp sought verification of a $23,504.99 deduction claimed therein as Theodore's distributive share of a net operating loss alleged to have been sustained by Solari Furs in 1961. Epp did not talk with Theodore, and Epp did not personally examine the books and records, if any, of Solari Furs for the taxable year 1961. However, Epp did request Theodore to substantiate the loss and, when he was advised that Theodore was unavailable due to illness, he sought verification from the accounting firm which had prepared the 1961 return, from the attorney who represented Theodore in the bankruptcy proceedings, and from other revenue agents who had audited prior joint returns of the Rosenbergs. He also examined the bankruptcy court's files in November 1965, which at that time did not contain the books and records of the partnership. Beginning in early July 1966, a series of letters were exchanged *165 between petitioner's attorney and the district director's office, St. Louis, Missouri, regarding the 1961 return. These letters related to the proper form to be used by petitioner in creating a power of attorney and to the procedures for administrative review of tax controversies. The last letter in the series, dated August 5, 1966, stated "No action will be taken in regard to Thelma Rosenberg for a period of ten days from the date of this letter in order to give her time to file a power of attorney if she so desires." However, a statutory notice of deficiency was mailed to Thelma Rosenberg and Theodore Rosenberg on August 12, 1966. A preliminary report, commonly referred to as a 30-day letter, was mailed to petitioner on August 19, 1966. Petitioner filed a "Protest Letter" in response to the 30-day letter on August 31, 1966 and requested therein a 890 conference with a representative of the Appellate Division of the Internal Revenue Service. Petitioner was not accorded prelitigation administrative review of the disputed tax liability and, to protect her position, filed a petition herein individually, and not with her husband, on November 9, 1966. Respondent has conceded that *166 payments of $6,917.20 were made by petitioner and Theodore by way of withholding from wages and estimated tax payments for the taxable year 1961. Opinion Initially, petitioner seeks to have us categorize respondent's action in issuing the statutory notice of deficiency as arbitrary and capricious and thereby to shift the burden of proof to respondent. In so doing, petitioner relies on Helvering v. Taylor, 293 U.S. 507 (1935), in order to obviate the usual rule that the burden of proof is on the taxpayer. Welch v. Helvering, 290 U.S. 111 (1933); Rule 32, Tax Court Rules of Practice.
In support of her contention, petitioner argues first that she was entitled as a matter of law to administrative review of her claim under the procedures established by sections 601.101, 601.103, 601.105, and 601.106, Income Tax Regs. Petitioner's claim must be rejected. The law is well settled that the General Procedural Rules, of which these provisions form a part, are directory and not mandatory and that a taxpayer has no vested right to the benefit of the procedures outlined therein. Cleveland Trust Co. v. United States, 421 F. 2d 475, 480-482 (C.A. 6, 1970), *167 affirming 266 F. Supp. 824, 832 (N.D. Ohio 1966); Luhring v. Glotzbach, 304 F. 2d 560 (C.A. 4, 1962); Michael Pendola, 50 T.C. 509, 511-514 (1968); Philip F. Flynn, 40 T.C. 770, 773 (1963); Sherwood v. United States, 246 F. Supp. 502, 507 (E.D. N.Y. 1965); cf. Charles Crowther, 28 T.C. 1293, 1301 (1957), affirmed as to this issue 269 F. 2d 292, 293 (C.A. 9, 1959); Mead Realty Co., 21 B.T.A. 1062, 1065 (1931); Cleveland Home Brewing Co., 1 B.T.A. 87, 91 (1924). The other ground on which the petitioner seeks to demonstrate that the respondent's action was arbitrary and capricious is the conceded failure of Agent Epp to examine the books and records of Solari Furs for the taxable year 1961. Petitioner claims that, absent such an examination, respondent's determination is "based on pure speculation" and "his determination should be set aside and the burden of proof placed upon him." She asks us to ignore the facts shown by our findings that the revenue agent sought supporting evidence to substantiate the partnership loss from several sources and examined the bankruptcy *168 court's files. In so arguing, petitioner misconceives the nature of her task before this Court. As we have previously pointed out (see p. 5, supra), the burden of proof is upon the taxpayer. In a case like this, he must at a minimum show that he is entitled to some deduction. Petitioner having not sustained her burden of proving that any loss occurred (see p. 11, infra), the doctrine of Helvering v. Taylor, supra, clearly is inapplicable. The fact that the underlying books and records may not have been available does not, without more, make the respondent's determination arbitrary and capricious or otherwise relieve petitioner of her burden of proof. See Burnet v. Houston, 283 U.S. 223, 227-228 (1931). Vanguard Recording Society v. Commissioner, 418 F. 2d 829 (C.A. 2, 1969), reversing 51 T.C. 819 (1969), is of no help to petitioner. In that case, sufficient underlying facts were available to require a legal conclusion contrary to that which formed the basis of the Commissioner's determination. Thus, it is clearly distinguishable. Petitioner's second claim is that, even if she has the burden of proof, she has demonstrated that *169 Solari Furs sustained a net operating loss of at least $49,484.06 in 1961. In support of this claim, petitioner advances six items of "circumstantial evidence," including a balance sheet, an income statement, and "work sheets" prepared by an accountant. Three of these items relate to asset and liability variations as reflected in the bankruptcy proceeding. However, neither the large total amount of claims filed against the bankrupt partnership nor the facts that the trustee in bankruptcy was able to realize only a small portion of the book value of the partnerships' assets on liquidation or that its stated liabilities greatly increased during 891 the taxable year 1961 establish that the partnership sustained a loss during 1961. Such data become significant only when reliable income and expense figures are available from which it could be determined not only that a loss was sustained but that it was sustained in the particular year in question. A fourth item - that there was no finding in the bankruptcy proceeding of willful concealment of assets by the partners - is equally irrelevant. Absence of an intent to deceive does not show that the books of the partnership were credible *170 and has no bearing on whether a loss was sustained in 1961. The same can be said of a fifth item based upon the assertion that no assessment of a deficiency in income tax for 1961 or a claim in bankruptcy therefor was made against Theodore. The final item of "circumstantial evidence" consists of a balance sheet, income statement, and "work sheets" prepared by an accountant. The alleged basis of his information was the books and records of Solari Furs and some information obtained in a telephone conversation with Robert. The accountant made no audit, and the only figure verified in the balance sheet was the cash. Under these circumstances, the materials represent nothing more than a parroting of the books and records. Obviously, to the extent that the partnership's books and records were inaccurate, the materials prepared by the accountant would be inaccurate. This conclusion finds support in the testimony of the accountant in the bankruptcy proceedings, which petitioner submitted in evidence herein. In that testimony, the accountant stated that the figures in his work sheets were derived from the records of Solari Furs and that he "wouldn't pretend to know the accuracy of those figures. *171 " No books and records were produced for our examination nor were we favored with any further testimony as to their contents or as to the manner in which they may have been kept. The information contained in the report relating to the partnership's excise tax return for 1961 is incomplete, in that it does not cover all sales, and will not withstand analysis when the sales it does reveal are measured against the claimed loss. It is wholly inadequate as a basis for determining whether any loss occurred. Nor can petitioner parlay a possible inference from the record herein that respondent found the books and records sufficient on the audit of the partnership return for 1960 into a requirement that respondent thereby is bound with respect to 1961. It is well established that respondent's failure to attack with respect to one year does not control his determination with respect to another year. Cf., e.g., Walker, Inc. v. Commissioner, 362 F. 2d 140, 142-143 (C.A. 7, 1966), affirming a Memorandum Opinion of this Court; George R. Tollefsen, 52 T.C. 671, 681 (1969), affd. - F. 2d - (C.A. 2, June 19, 1970); Peoples Bank & Trust Co., 50 T.C. 750, 755 (1968), *172 affd. 415 F. 2d 1341 (C.A. 7, 1968); Jules Omar Cole, Executor, 13 B.T.A. 1310, 1313-1314 (1928); see 10 Mertens, Law of Federal Income Taxation, sec. 60.17. Petitioner also advances the contention that, regardless of the availability or nonavailability of the books and records, or their accuracy, "it is the function and duty of this Court * * * to make a determination of the amount of gain or loss suffered by Solari Furs in 1961," citing Mitchell v. Commissioner, 416 F. 2d 101 (C.A. 7, 1969), affirming a Memorandum Opinion of this Court. We disagree. Mitchell merely stands for the proposition that this Court, as the trier of the facts, may evaluate the evidence and determine that the taxpayer has satisfied her burden of proof, even where the record is not complete. Nothing in that case requires us to make a determination favorable to the taxpayer where we conclude that the evidence is insufficient to satisfy that burden. We hold that petitioner has failed to prove that Solari Furs sustained any loss for 1961. [2]
*173 One final issue remains. Even though we have determined this case adversely to petitioner, petitioner and her husband nonetheless paid more taxes for the taxable 892 year of 1961 than were due. [3] There remains the question of the disposition of this overpayment. Petitioner asks us to order that the entire amount, or at least her one-half, be refunded to her. The jurisdiction of the Tax Court is limited by statute. Section 7442. There is no statutory provision which authorizes us to order or deny a refund. Furthermore, section 6512(b)(1) implies that our authority is merely to find the existence of an overpayment and we have recently so held. Robbins Tire & Rubber Co., 53 T.C. 275, 279 (1969). Petitioner has access to the District Courts or the Court of Claims if a suit for refund is necessary. U.S. Ex Rel. Girard Co. v. Helvering, 301 U.S. 540, 542-543 (1937); *174 cf. Commissioner v. Gooch Co., 320 U.S. 418 (1943). Decision will be entered under Rule 50. [4]
Footnotes
1. All references, unless otherwise noted, are to the Internal Revenue Code of 1954, as amended.↩
2. We express no opinion as to the extent to which petitioner may be bound by any portion of the bankruptcy proceedings to which she was not a party - an issue argued by respondent but which we find it unnecessary to decide because of our decision that petitioner has, in any event, failed to sustain her burden of proof as to the partnership loss. Under the circumstances of this case, we consider it immaterial that an appeal has been docketed from the decision of the United States District Court affirming the denial of the discharges in bankruptcy. See In Re Solari Furs, 263 F. Supp. 658↩ (E.D. Mo. 1967).
3. Income tax payments totaling $6,917.20 were made in 1961. The asserted deficiency is $3,702.86. The 1961 tax return of petitioner and her husband indicated a tax liability of $216.00. Thus, even with the deficiency, respondent concedes that there was an overpayment in the amount of $2,998.34.↩
4. Since the overpayment which respondent concedes results from withholding from wages and payments on account of estimated tax, it does not affect the computation of the statutory deficiency. Paul Irvin Redcay, 12 T.C. 806 (1949); section 6211(b). See also Glendale O. Scott T.C. Memo. 1968-172↩.