**Claire MORSE, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 72–1671.**

United States Court of Appeals, Ninth Circuit.

March 27, 1974.

---

Phillip Singer (argued), Beverly Hills, Cal., for plaintiff-appellant.

Louis Bradelury (argued), Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, Tax Div., Dept. of Justice, Washington, D. C., William D. Keller, U. S. Atty., Lawrence V. Brookes, Asst. U. S. Atty., Los Angeles, Cal., for defendant-appellee.

Before WRIGHT, KILKENNY and WALLACE, Circuit Judges.

OPINION

WALLACE, Circuit Judge:

Mrs. Morse filed this action in the district court seeking a refund of tax overpaid in her name. On cross-motions for summary judgment, the district court dismissed Mrs. Morse's complaint with prejudice, holding that the decision of the tax court in Claire Morse, 19 T. C.M. 393 (1960), was res judicata, barring the district court from having jurisdiction to order a refund. The District Court further held that since the tax court found that Mrs. Morse was not the taxpayer, she could not receive a refund of the tax. We reverse.

During the years 1944 and 1945, income tax returns were filed in Mrs. Morse's name declaring an income of $32,239.42 with tax due in the amount of $14,925.62 for 1944 and income of $46,028.35 with tax due in the amount of $24,596.39 for 1945. The tax was paid by someone other than Mrs. Morse. Mrs. Morse filed a timely claim for refund for those years and the Commissioner mailed her a notice of deficiency for the same years. Mrs. Morse subsequently filed a petition in the tax court requesting it to find that there were overpayments and no deficiencies. Prior to the trial in the tax court, the Commissioner conceded that Mrs. Morse owed no deficiencies. At the conclusion of the trial, the tax court found that there were overpayments in the amounts of $14,925.62 for 1944 and $24,569.39 for 1945. When the Commissioner failed to refund the overpayments, Mrs. Morse filed the present action.

■ The government argues that the district court correctly held that it lacked jurisdiction because section 6512(a) of the Internal Revenue Code of 1954 [1] precludes a taxpayer from bringing a suit for the recovery of tax in any other court once he has filed a timely petition with the tax court. The government

1. Whether or not the district court had jurisdiction must be determined under the statutes in effect when the refund action was filed, but whether or not a taxpayer is entitled to a refund must be determined under the statutes in effect when the tax was paid. Therefore, as to the jurisdiction issue, the Internal Revenue Code of 1954 applies.

concedes that subsection (1) of that section allows an exception for overpayments determined by a decision of the tax court which has become final, but argues that this exception does not apply to Mrs. Morse because the tax court declined to find that she had made the overpayments. The government's construction limits the language of the exception more than is reasonable or necessary. Section 6512(a)(1) excepts from the general preclusion of suits in other courts, suits to recover tax "[a]s to overpayments determined by a decision of the Tax Court which has become final." The language does not require that the overpayments must have been made by the taxpayer.

■ The government further argues that even if suits for refund of overpayments do fall within the exception to section 6512(a), Mrs. Morse's suit in the district court is barred by the doctrine of res judicata since the issues of this case were adjudicated and decided by the tax court. Although the doctrine of res judicata does bar subsequent litigation between the same parties on identical claims that have previously been decided by the tax court, it has no application where the legal matters raised in the second case differ from those determined in the earlier case. Commissioner v. Sunnen, 333 U.S. 591, 600, 68 S.Ct. 715, 92 L.Ed. 898 (1948). The doctrine also has no application where the issues to be litigated in the subsequent suit were beyond the jurisdiction of the tax court. Erickson v. United States, 309 F.2d 760, 765, 159 Ct.Cl. 202 (1962); Empire Ordnance Corp. v. Harrington, 102 U.S.App.D.C. 14, 249 F.2d 680, 682 (1957).

■■ While the tax court found that an overpayment had been made, it declined to order a refund to Mrs. Morse or to determine who was entitled to the refund. This was proper since it lacked jurisdiction to order a refund or to determine who was entitled to the refund. The tax court's jurisdiction, which exists only to the extent specifically enumerated by statute, is confined to determining the amount of deficiency or overpayment for the particular tax year for which the commissioner has sought a deficiency and the taxpayer has filed a petition for review. Commissioner v. Gooch Milling & Elevator Co., 320 U.S. 418, 64 S.Ct. 184, 88 L.Ed. 139 (1943). The tax court has no jurisdiction to order or to deny a refund, United States ex rel. Girard Trust Co. v. Helvering, 301 U.S. 540, 542, 57 S.Ct. 855, 81 L.Ed. 1272 (1937), or to decide equitable questions. Commissioner v. Gooch Milling & Elevator Co., 320 U.S. 418, 64 S.Ct. 184, 88 L.Ed. 139 (1943). Thus, the tax court has no jurisdiction to decide which of several claimants is entitled to a refund, Huntington National Bank, 13 T.C. 760 (1949), to decide who is entitled to the refund when someone other than the person named in the deficiency notice has paid the tax, John A. Snively, Sr., 20 T.C. 136 (1953), or to resolve disputes as to a right to a refund that may hinge upon some contingency beyond mere overpayment. Robbins Tire and Rubber Co., Inc., 53 T.C. 275, 279 (1969); see Empire Ordnance Corp. v. Harrington, 102 U.S.App.D.C. 14, 249 F.2d 680, 682 (1957). The taxpayer must resort to the district court or the court of claims for a resolution of such disputes or for an order granting a refund. United States ex rel. Girard Trust Co. v. Helvering, 301 U.S. 540, 542, 57 S.Ct. 855, 81 L.Ed. 1272 (1937); Thelma Rosenberg, 29 T.C.M. 888, 892 (1970). Accordingly, the tax court was without jurisdiction to decide whether Mrs. Morse, the person who actually paid the tax, or someone else was entitled to the refund. Once it had determined that there was no deficiency and that there had been an overpayment in a certain amount, it had no jurisdiction to consider or resolve any other issue. Thus, the tax court's decision could not bar the district court from deciding the very issues that the tax court was without jurisdiction to determine. The district court had jurisdiction under 28 U.S.C. § 1346(a)(1) and it was error to

dismiss the suit on the grounds of res judicata.

■ The district court also erred in holding that the tax court had found that Mrs. Morse was not the taxpayer. The tax court made no such finding, but found only that Mrs. Morse did not pay the tax and that a person unknown to the court had paid the tax. 19 T.C.M. at 395. There is a big difference between the *factual* conclusion that Mrs. Morse did not pay the tax and the *legal* conclusion that Mrs. Morse was not the taxpayer. Under section 3797(a)(14) of the Internal Revenue Code of 1939,[2] "[t]he term "taxpayer' means any person subject to a tax imposed by this title." Under this definition it is not necessary that a person actually be liable for the tax; it is sufficient that he is potentially liable for it, even if it is ultimately determined that he in fact owes no tax. Accordingly, when returns were filed in Mrs. Morse's name declaring income to her for 1944 and 1945, and making her potentially liable for the tax due on that income, she became a taxpayer within the meaning of the Internal Revenue Code. When she was subsequently named in the commissioner's notice of deficiency, she became the only person who could petition the tax court for review of her tax liability. Cincinnati Transit, Inc., 55 T.C. 879 (1971); Bond, Inc., 12 B.T.A. 339 (1928). The fact that someone else had paid the tax in her name and that she was ultimately found to owe no tax does not affect her claim to the overpayments as between her and the government. If Mrs. Morse had paid the tax herself, the government could not assert that since she ultimately was found to have had no tax liability, she was not a taxpayer and was not entitled to a refund. Similarly, the government should not be able to defeat her claim to a refund by claiming that, simply because someone else paid the tax in her name, she had no tax liability and was not a taxpayer. If the person who actually paid the tax has a claim to the refunded money, that dispute is between Mrs. Morse and that person, not between Mrs. Morse and the government.

■ Section 322(d) of the Internal Revenue Code of 1939 provided:

If the Tax Court finds that there is no deficiency and further finds that the taxpayer has made an overpayment of tax in respect of the taxable year in respect of which the Commissioner determined the deficiency . . . the Tax Court shall have jurisdiction to determine the amount of such overpayment, and such amount shall, when the decision of the Tax Court has become final, be credited or refunded to the taxpayer.

The government contends that under this section, a person is entitled to a refund only if the tax was paid by him or by someone else in his behalf. The tax cannot be paid in a person's behalf, the government argues, where that person has not consented to having the return filed in his name. We find no merit in this contention since one may bestow a benefit upon another person without that person's consent. Even if the person who paid Mrs. Morse's tax had no intent to benefit her, he paid the tax in her name and that should be sufficient to give Mrs. Morse better title than the government since the tax court found that no tax was due.

Nevertheless, we express no opinion as to whether Mrs. Morse is actually entitled to the refund, but remand the case to the district court for further proceedings to consider other relevant tax laws, including sections 322(a)(1) and 3770(a)(1) of the Internal Revenue Code of 1939.

Reversed and remanded.

2. See note 1. On this issue the Internal Revenue Code of 1939 applies.