**Henry E. JANUS, Plaintiff-Appellant,**

v.

**UNITED STATES of America,
Defendant-Appellee.**

No. 75–2231.

United States Court of Appeals,
Ninth Circuit.

April 15, 1977.

William N. Snell, argued, Thomas, Snell, Jamison, Russell, Williamson & Asperger, Fresno, Cal., for plaintiff-appellant.

Jonathan S. Cohen, argued, Michael L. Paup and William S. Estabrook, Dept. of Justice, Tax Div., Washington, D.C., for defendant-appellee.

---

**5.** *See* note 1 *supra.*

Before TRASK and WALLACE, Circuit Judges, and KING,* District Judge.

WALLACE, Circuit Judge:

Janus appeals a ruling by the district judge that payments of estimated tax made by Janus on his separate declaration of estimated tax were presumptively made with community property funds and that, accordingly, a judgment for overpayment of taxes must be reduced by one-half. We reverse.

In late 1966 Janus and his wife separated, and on December 20, 1966, Mrs. Janus filed suit for divorce. On June 30, 1967, Janus and his wife entered into a property settlement agreement, which was followed by an interlocutory divorce decree on July 10, 1967, and by a final divorce decree on December 21, 1967.

Janus filed a separate Declaration of Estimated Tax for the tax year 1967. In accord with this declaration, he made separate payments of $7,562.50 on April 15, 1967, and on June 15, 1967, for a total payment during the first six months of 1967 of $15,125.00.

In his separate return for 1967, Janus included in his income all of his earnings and capital gains for 1967. Subsequently, he sued for a refund, claiming that he had overstated his income by including on his return his wife's community property share of his earnings and capital gains accumulated during the period prior to the property settlement agreement, i. e., during the first half of 1967. The district court agreed and gave judgment for Janus.

However, the district court also held that the estimated tax payments for the first six months of 1967 were presumptively made from community property earnings during that period. The court concluded that Janus was accordingly entitled to only one-half of the overpayment for the period prior to the agreement.

On appeal, Janus contends that payments made by a taxpayer in accord with a separate declaration of estimated tax must be credited solely to the taxpayer if he files a separate tax return. Accordingly, he argues, he is entitled to a judgment for the full amount by which his estimated tax payments exceeded his actual tax liability. We agree.

The statutes and regulations concerning the declaration of estimated taxes and the crediting of estimated tax payments do not allow for a result based upon the source of funds. Section 6015(a) of the Internal Revenue Code, 26 U.S.C. § 6015(a), provides that, subject to certain limitations, "every individual shall make a declaration of his estimated tax for the taxable year." Section 6315 states that "[p]ayment of the estimated income tax, or any installment thereof, shall be considered payment on account of the income taxes imposed by subtitle A for the taxable year." 26 U.S.C. § 6315. Section 301.6315–1 of the Internal Revenue Regulations provides:

The payment of any installment of the estimated income tax (see sections 6015 and 6016) shall be considered payment on account of the income tax for the taxable year for which the estimate is made. *The aggregate amount . of the payments of estimated tax should be entered upon the income tax return for such taxable year as payments to be applied against the tax shown on such return.*

(Emphasis added.)

These statutes and the regulation contemplate that the individual will make a declaration of estimated tax and that payments made in accord with the declaration will be considered payment on account of taxes due as shown on the individual's tax return. We find no support for an inquiry into the sources of funds used for payment of the estimated taxes.

Nor are we inclined to permit a result based upon such an inquiry absent a clear

* Honorable Samuel P. King, United States District Judge, District of Hawaii, sitting by designation.

congressional mandate, for administrative considerations weigh strongly against such a course. If the Internal Revenue Service is permitted to consider the source of payments so as to deny a refund, a taxpayer should be permitted to demand a credit where his funds have been used by another to make a tax payment. Such a rule would create enormous difficulties, as it would undoubtedly embroil the service in numerous disputes over the ownership of funds.

We are equally persuaded that our holding is equitable. Government counsel freely admitted in oral argument that under the state of this record, the funds not returned would be kept by the government—not credited to Mrs. Janus. It seems clear to us that any dispute as to the ownership of funds between Mr. and Mrs. Janus can better be left to other tribunals, and that the government should not receive a windfall at the expense of the taxpayers.

Our examination of the applicable statutes and regulation and an evaluation of administrative considerations lead us to the conclusion that payments made by a taxpayer in accord with a separate declaration of estimated tax must be credited solely to the taxpayer if he files a separate tax return. While this appears to be a question of first impression, cases which have dealt with analogous problems support this result. In *Morris v. Commissioner,* ¶ 66,245 P–H Memo T.C. (1966), the tax court held that one spouse may not claim a credit for estimated tax payments made by the other spouse where the payments were made in accord with a separate declaration of estimated tax, even though the source of the payments was community property. Such a credit is possible only where the parties filed a joint declaration of estimated tax. This holding lends support to the proposition that where a separate declaration is filed, the Internal Revenue Service may not look to the source of funds used for payment to determine if the funds should be credited to someone other than the taxpayer filing the declaration. *See also Morse v. United States,* 494 F.2d 876, 880 (9th Cir.

1974); *Gilmore v. United States,* 290 F.2d 942, 949–50, 154 Ct.Cl. 365 (1961), *rev'd on other grounds,* 372 U.S. 39, 83 S.Ct. 623, 9 L.Ed.2d 570 (1963); *Van Antwerp v. United States,* 92 F.2d 871, 874 (9th Cir. 1937).

Janus is entitled to a judgment for the full amount by which his estimated tax payments exceeded his actual tax liability. The decision of the district judge on this issue is reversed and the case is remanded for proceedings consistent with this opinion.

REVERSED AND REMANDED.