**CINDY'S, INC., formerly Imperial Group, Ltd., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. C81–1354A.**

United States District Court, N.D. Georgia, Atlanta Division.

March 30, 1983.

Lynwood A. Maddox, Decatur, Ga., Alan L. Dye, Atlanta, Ga., for plaintiff.

Curtis L. Muncey, Tax Div., Dept. of Justice, Washington, D.C., for defendant.

## ORDER

SHOOB, District Judge.

This is an action, pursuant to 28 U.S.C. § 1346(a)(1), for the recovery of FICA employee withholding taxes and for interest allegedly erroneously or illegally assessed or collected from plaintiff for the third quarter of 1978. Defendant has counterclaimed against plaintiff for an alleged deficiency of withholding taxes for the third quarter of 1978. The case is presently before the Court on the parties' cross motions for summary judgment. For the reasons stated below, the Court concludes that defendant is entitled to summary judgment against plaintiff.

### UNDISPUTED MATERIAL FACTS

1. During 1978, plaintiff was a Georgia corporation which was required to withhold from its employees' wages income and FICA taxes, and pay these taxes over to the United States.

2. For the quarter which ended on September 30, 1978, plaintiff was required to withhold and deposit in a Federal Government Depositary the sum of $49,346.24.

3. On October 2, 1978, the National Bank of Georgia, a duly authorized Federal Depositary, received a Federal Tax Deposit, Form 501, preprinted for the account of E.L. Montgomery & Associates of Georgia, Inc., in the amount of $49,346.24. Accompanying the said Form 501 was a check in the amount of $49,346.24 made payable to the said bank with Cindy's, Inc., plaintiff herein, as payor and drawn on an account of Cindy's, Inc. at the Fulton National Bank.

4. Pursuant to the Form 501, Federal Tax Deposit, the said check for $49,346.24 was credited by defendant to the account of E.L. Montgomery & Associates of Georgia, Inc.

5. No Form 501, Federal Tax Deposit, was submitted for Cindy's, Inc., by plaintiff for the third quarter of 1978 in the amount of $49,346.24.

Section 6302 of the Internal Revenue Code of 1954, provides in part:

(a) Establishment by regulations.—If the mode or time for collecting any taxes is not provided for by this title, the Secretary may establish the same by regulations

.    .    .    .    .

(c) Use of Government Depositaries.—The Secretary may authorize Federal Reserve banks, and incorporated banks ... to receive any tax imposed under the Internal Revenue laws, in such manner, at such times, and under such conditions as he may prescribe; he shall prescribe the manner, times, and conditions under which the receipt of such tax by such banks, ... is to be treated as payment of such tax to the Secretary.

Pursuant to the aforementioned statute, the Secretary promulgated the following regulations concerning the method and conditions of payment of withholding taxes. Treasury Regulations on Procedure and Administration (1954) Code, Section 31.-6302(c)–1(a) (hereinafter Treas.Reg.) provides in part:

*Use of Government Depositaries in connection with taxes under Federal Insurance Contributions Act and income tax withheld.—(a) Requirement—(1) In general.*

.    .    .    .    .

(ii) In the case of a calendar month which begins after January 31, 1971, and before January 1, 1981—

.    .    .    .    .

(b) if at the close of any quarter-monthly period the aggregate amount of undeposited taxes is $2000 or more, the employer shall deposit the undeposited taxes in a Federal Reserve bank or authorized commercial bank within three banking days after the close of such quarter-monthly period ...

.    .    .    .    .

(3) *Depositary forms....* (iii) *Deposits for 1968 and subsequent years.* Each remittance of amounts required to be deposited under subparagraph (1) of this paragraph for periods subsequent to 1967 shall be accompanied by Federal Tax Deposit Withheld Income and FICA taxes form (Form 501).... Such forms shall be prepared in accordance with the instructions applicable thereto. The remittance, together with the required form or forms, shall be forwarded to a Federal Reserve bank or, at the election of the employer, to a commercial bank....

.    .    .    .    .

(4) *Procurement of prescribed forms.* Copies of the applicable deposit form will so far as possible be furnished to employers. An employer will not be excused from making a deposit, however, by the fact that no form has been furnished to it. An employer not supplied with the proper form should make application therefor in ample time to make the required deposits within the time prescribed....

The aforementioned regulations have the force and effect of law. *Maryland Casualty Co. v. United States,* 251 U.S. 342, 349, 40 S.Ct. 155, 157, 64 L.Ed. 297 (1920); *Allstate Insurance Co. v. United States,* 329 F.2d 346, 349 (7th Cir.1964).

The above regulations show the method prescribed by the Secretary for the payment of withholding taxes. These regulations clearly state that a taxpayer, such as plaintiff, must deposit its withheld taxes within three banking days after the close of a quarter-month. The regulations next indicate the procedure which a taxpayer such as plaintiff must follow in order to timely pay its withheld taxes. A taxpayer must make each deposit separately and each deposit must be accompanied by a Federal Tax Deposit Form 501. Treas.Reg., Sec. 31.6302(c)–1(a)(3)(i), (iii).

Withheld taxes are deemed to be paid on the date that they are deposited or on the last day prescribed for filing the requisite return, which for plaintiff is a Form 941, Employers Quarterly Federal Tax Return, whichever is later. The case law is clear that a taxpayer who is required to make deposits of withheld taxes and who fails to meet the explicit conditions set forth by the

above regulations, has not paid his withholding taxes to the United States. *Maryland Casualty, supra; Allstate Insurance, supra.* Based on these regulations, the Court concludes that if a deposit by a taxpayer is not accompanied by an appropriate Form 501, Federal Tax Deposit, no payment has been made to the United States. On the other hand, if a deposit of withheld taxes is made in conformity with the regulations set forth above, taxpayers' deposit constitutes payment of the taxes to the United States Treasury, even if the amounts deposited are not received by the Department of Treasury because of fraud, embezzlement or bankruptcy of the bank. *See,* Rev.Rul. 78–244, 1978–1 Cum.Bull. 433. In this case, the undisputed facts reveal that plaintiff failed to attach a Form 501, Federal Tax Deposit, as required by the aforementioned regulations, to the said check for $49,346.24. Accordingly, plaintiff has failed to pay its withholding taxes for the third quarter of 1978 in the amount of $49,346.24.

Accordingly, defendant's motion for summary judgment is hereby GRANTED and plaintiff's motion for summary judgment is hereby DENIED.[1]

---

1. Although this Court's ruling might appear to permit E.L. Montgomery & Associates of Georgia, Ltd. to be unjustly enriched, the record shows that plaintiff is or was a limited partner of E.L. Montgomery. Exhibit B to Affidavit of Stephen F. McLaughling. Therefore, plaintiff should pursue its claim for the said $49,346.24 against E.L. Montgomery.