**CINDY'S INC., Formerly Imperial Group, Ltd., Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 83–8388.

United States Court of Appeals, Eleventh Circuit.

Aug. 29, 1984.

---

John L. Taylor, Jr., Thomas J. Stalzer, Atlanta, Ga., for plaintiff-appellant.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Michael Roach, Tax Div., Dept. of Justice, Washington, D.C., Sharon Douglas Stokes, Asst. U.S. Atty., Atlanta, Ga., for defendant-appellee.

Before RONEY and VANCE, Circuit Judges, and SIMPSON, Senior Circuit Judge.

RONEY, Circuit Judge:

Cindy's, Inc. made the mistake of filing the form of another taxpayer when it made an installment deposit of withheld employment taxes. The Government refused to give Cindy's credit for the amount deposited, and refunded it to the taxpayer whose name appeared on the form. Cindy's Inc. sued for a refund but ended up with a judgment against it for the taxes as if the deposit had not been made. The district court, 566 F.Supp. 43, correctly decided that Cindy's had not "paid" its taxes when it did not use its own form, and the Government was not required to refund the amount or credit it to Cindy's account after it had refunded the sum to the taxpayer indicated on the form. We affirm the summary judgment in favor of the Government.

The controlling facts are not in dispute. At the time of the erroneous payment, E.L. Montgomery & Associates, Inc. (Montgom-ery, Inc.) was renting office space from Cindy's and Cindy's bookkeeper had access to Montgomery, Inc.'s preprinted tax deposit forms as well as Cindy's. She sent a Cindy's check for $49,346.24 to the federal depository on September 27, 1978 but mistakenly sent the preprinted federal tax deposit form (Form 501) of Montgomery, Inc., listing Montgomery, Inc.'s employer identification number. On June 19, 1979, the money was refunded to Montgomery, Inc. by the Internal Revenue Service because Montgomery, Inc.'s final returns apparently showed that it did not owe that tax.

Up to this point the case is rather clear-cut. Although Cindy's contends that the deposit should have gone to pay its taxes, because it intended to pay its taxes and sent the money to a designated depository, a taxpayer has not "paid" its taxes when it sends money with a form indicating the payment is for another purpose, or to pay someone else's taxes. The applicable federal regulations prescribe that deposits of withholding tax must be accompanied by a correctly prepared Form 501. Treas.Reg. § 31.6302(c)–1(a) T.D. 6516, 25 Fed.Reg. 13032, 13122 (Dec. 20, 1960), as amended by T.D. 7078, 1971–1 C.B. 400, Appendix. Cindy's actions satisfied this regulation for the payment of Montgomery, Inc.'s taxes, but not its own. Under the regulation Cindy's did not pay its taxes.

Cindy's subjective intent is irrelevant. Cindy's manifested no intent to the federal depository except by the Form 501 which indicated an intent to pay the taxes of Montgomery, Inc. That the check was written by Cindy's is of no consequence. Federal depositories and the Internal Revenue Service are entitled to rely on the regulations detailing how withholding taxes shall be paid and the preprinted forms which are an integral part of the regulatory system. Cf. Janus v. United States, 557 F.2d 1268, 1270 (9th Cir.1977). In Rosenman v. United States, 323 U.S. 658, 65 S.Ct. 536, 89 L.Ed. 535 (1945), upon which Cindy's relies, the intent of the taxpayer was explicitly manifested to the Government at the time the deposit was sub-

mitted. There was no indication in this case, however, that Cindys' check was intended for any purpose other than to pay the taxes reflected on the Form 501.

Likewise, the Internal Revenue Service properly followed the statute and the regulations in refunding the overpayment to Montgomery, Inc. Section 6402(a) of the current Internal Revenue Code provides:

> In the case of any overpayment, the Secretary ... may credit the amount of such overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment and shall refund any balance to such person.

26 U.S.C.A. § 6402(a). In the Internal Revenue Code of 1939, the equivalent section had provided that if "the taxpayer has made an overpayment of tax ... the amount of such overpayment ... shall ... be credited or refunded to the taxpayer." 26 U.S.C. § 322(d) (1939). This change in language has been interpreted as expanding the section to allow refunds to third parties who voluntarily pay the taxes of others. 10 J. Mertens, Jr., *The Law of Federal Income Taxation* § 58.11 (1976). The courts have held § 6402(a) directs the refund be paid to the person who assumed the liability for the payment of the tax. *First National Bank of Fort Worth v. United States*, 633 F.2d 1168, 1171 (5th Cir.1981); *United States v. Gilbert*, 478 F.Supp. 306, 318–19 (S.D.N.Y.1979). In this case, there was no indication that Cindy's was assuming liability for Montgomery, Inc.'s taxes. In fact its argument is to the contrary. It contends it was trying to pay its own taxes. As far as the Government could know, Montgomery, Inc. had assumed liability because its form was filed with the payment.

Several facts which occurred after the refund to Montgomery, Inc. create the problem in this case. Cindy's, at the end of 1978, had filed its Form 941 listing the deposits that had been made during the year, including the one on September 27. The total tax liability was in excess of $300,000 but the amount paid to the Government by the depository was of course $49,346.24 short, this amount having been credited by the Government for Montgomery, Inc.'s account. Cindy's apparently received no notice of the error until after the refund by the Internal Revenue Service to Montgomery, Inc. Montgomery, Inc.'s attorney was unable to determine the reason for this refund because the owner of Montgomery, Inc. had recently died and left incomplete tax records. The attorney contacted the Internal Revenue Service and was advised that by filing a power of attorney for Montgomery, Inc. he could obtain copies from the Internal Revenue Service of Montgomery, Inc.'s quarterly tax returns. On September 27, 1979, the attorney sent a letter to the Internal Revenue Service and enclosed an executed power of attorney. He never received a response. Subsequently, the attorney learned that a deficiency similar in amount to its refund had been assessed against Cindy's. On February 11, 1980, he wrote the Internal Revenue Service suggesting that the refund check might be related to an assessment against Cindy's for taxes due. He noted that the funds were being held in a separate interest-bearing account to await a decision on the matter. No response was received to this letter.

Cindy's filed a refund suit on June 3, 1980. That suit was voluntarily dismissed in July, 1980 pursuant to an agreement that the Internal Revenue Service would investigate this matter and attempt to resolve it without litigation. Cindy's refiled its refund suit on July 17, 1981 because the Internal Revenue Service had failed to resolve the dispute.

Cindy's argues that prior to its filing the second suit, the Internal Revenue Service could have straightened the matter out if it had just responded to the letter it received from Montgomery, Inc.'s attorney, and had properly investigated the matter. That may be so. Montgomery, Inc. would have

presumably returned the money on a request from the Internal Revenue Service and it could have been properly credited to Cindy's tax payment. But Cindy's has failed to cite to us any authority that the failure of the Internal Revenue Service to take these steps creates a cause of action against the Government.

Cindy's caused the problem by using the wrong tax form. It then did very little to straighten the matter out. There is no indication in this record that anything was done by Cindy's after being advised of Montgomery, Inc.'s refund other than some telephone calls to the Internal Revenue Service. Cindy's and Montgomery, Inc. are partners in E.L. Montgomery & Associates, Ltd. Cindy's is a limited partner and Montgomery, Inc. is a general partner. Nevertheless, there seems to have been no joint effort by Cindy's and Montgomery, Inc. to clear the latter of any problem in connection with the refund so that Montgomery, Inc. could transfer the funds, which it is presumably still holding, to Cindy's. Cindy's has failed to convince us that the Government could recover the money from Montgomery, Inc. and that Cindy's could not. All of these concerns play into any equitable approach to this suit which Cindy's urges. *See* 10 J. Mertens, Jr., *The Law of Federal Income Taxation* § 58.04 (1976). Any attempt by Cindy's to assert an estoppel theory is undermined by the fact that Cindy's action was relied upon by the Government, not the contrary.

Cindy's has failed to demonstrate any reason why its refund claim should not be determined by the established law that refunds are due only for overpayment of taxes. 26 U.S.C.A. § 6402(a). Since Cindy's has not paid its taxes, there is no overpayment, so it is not entitled to a refund of its own taxes. Since the Government has already refunded to Montgomery, Inc. the overpayment on its taxes, Cindy's has no equitable grounds for claiming a refund of Montgomery, Inc.'s taxes.

AFFIRMED.