ESTATE OF BERNARD W. PECHAN, Deceased, BERNARD WARREN PECHAN, Administrator, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Pechan v. Commissioner
Docket No. 8056-84.
United States Tax Court
T.C. Memo 1985-524; 1985 Tax Ct. Memo LEXIS 108; 50 T.C.M. (CCH) 1273; T.C.M. (RIA) 85524; October 7, 1985. Murray Rudman, for the petitioner. Lewis R. Mandel, for the respondent. WILBUR
MEMORANDUM OPINION WILBUR, Judge: Respondent issued a notice of deficiency to petitioner on July 15, 1977, in which he determined a deficiency in estate tax in the amount of $71,327.18. Petitioner filed a timely petition with this Court on October 8, 1977. Estate of Bernard W. Pechan, Deceased, Bernard Warren Pechan, Administrator v. Commissioner, Docket No. 10341-77. The parties subsequently reached a basis for settlement by agreeing that petitioner had overpaid taxes in the amount of $27,434.75. On October 16, 1980, this Court entered the following decision: DECISION Pursuant to the stipulation of the parties filed in this case, and incorporating herein the facts stipulated by the parties as the findings of the Court, it is ORDERED AND DECIDED: That there is an overpayment *110 in estate tax in the amount of $27,434.75, which amount was paid on February 25, 1980 which date was after the date of the mailing of the notice of deficiency on July 15, 1977. The stipulation of facts, which were incorporated in the decision, provided as follows: It is further stipulated that, effective upon the entry of this decision by the Court, petitioner waives the restrictions contained in section 6213(a) prohibiting assessment and collection of the deficiency (plus statutory interest) until the decision of the Tax Court has become final. It is further stipulated that the petitioner has not, nor will not claim as an income tax deduction pursuant to the provisions of section 642(g) any interest expense accrued and paid with respect to petitioner's estate tax liability. The decision entered by the Court became final on January 14, 1981 pursuant to sections 7481 and 7483. [1]
Although the facts are not entirely clear from this record, it appears *111 that respondent deducted from the amount determined to have been overpaid ($27,434.75) an amount allegedly due for interest accrued on petitioner's estate tax liability. As a result, respondent paid the sum of $13,290 as the net amount due to petitioner. Petitioner accepted the payment with the understanding that such acceptance would not preclude further action as to the balance of the $27,434.75, which this Court (pursuant to the parties' agreement) determined was overpaid. Petitioner subsequently instituted an action in the United States District Court for the Eastern District of New York seeking a writ of mandamus directing respondent to comply with the settlement agreement as set forth in this Court's order. Pechan v. United States, CV-83-1004. The United States filed a motion to dismiss the action on grounds that the district court lacked jurisdiction. The motion was argued on March 19, 1984 before the district court. At that hearing, counsel for petitioner stated that he was not seeking to alter the order of the Tax Court, but rather was seeking to enforce it. For reasons not entirely clear from the transcript, it was decided at that hearing that the correct course *112 of action was for counsel for petitioner to file a petition asking this Court to enforce the settlement in the manner petitioner thought appropriate. On March 21, 1984, (2 days after the District Court hearing) petitioner filed the petition in the instant case. The petition requests that this Court order respondent to comply with the terms of our previous order in which we determined that petitioner had overpaid taxes in the amount of $27,434.75. The petition further alleges that respondent has stated that petitioner "risks further damage" by persisting in its attempts to recover the balance of the overpayment. The petition therefore requests this Court to order that respondent take no punitive action against petitioner simply because petitioner has pursued this action, and that this Court "grant petitioner estate such other and additional relief as may seem to this Court to be just, proper and equitable." Respondent filed a motion to dismiss for lack of jurisdiction, stating that this Court's final decision in docket No. 10341-77 bars any subsequent action by petitioner with respect to petitioner's estate tax liability. He further contends that if the petition is construed as *113 a motion to vacate, the motion should be denied because we lack jurisdiction to reconsider a final decision, and because no fraud was made upon the Court in the earlier action. Petitioner does not wish to have this Court set aside its earlier decision; on the contrary, it wishes to have the earlier decision enforced. The enforce our earlier decision, however, a court would have to inquire into the propriety of respondent's interest computations. This Court clearly lacks authority to consider this matter on three separate grounds. First, we lack the power to order respondent to pay refunds on amounts we determine to have been overpaid, Morse v. United States,494 F.2d 876, 879 (9th Cir. 1974). Second, we lack jurisdiction to determine whether respondent may offset determined overpayments with other liabilities, Morse v. United States,supra.Third, we lack jurisdiction to determine interest due on tax deficiencies. L.T.V. Corp. v. Commissioner,64 T.C. 589, 597 (1975). [2] The appropriate forum for this action is either Federal district court or the United States Claims Court. Morse v. United States,supra. *114 This Court is a court of limited jurisdiction, and our power to exercise jurisdiction depends upon express statutory authority. Section 7442; Rule 13; Estate of Young v. Commissioner,81 T.C. 879, 881 (1983). Section 6213 confers jurisdiction on this Court to determine deficiencies in income, estate, gift, and certain excise taxes, and to determine those additions to tax that are attributable to a deficiency. Eatate of Young v. Commissioner,supra, at 881. Once our jurisdiction is established, we may find that, rather than a deficiency, there has been an overpayment in taxes. Section 6512(b)(1). The Code provides that "the Tax Court shall have jurisdiction to determine the amount of such overpayment, and such amount shall, when the decision of the Tax Court has become final, be credited or refunded to the taxpayer." Section 6512(b)(1). The law is settled that this provision does *115 not grant jurisdiction to the Tax Court to order a refund. Commissioner v. Gooch Milling & Elevator Co.,320 U.S. 418 (1943); Girard Trust Co. v. Helvering,301 U.S. 540, 542 (1937); Morse v. United States,supra at 879; Hollie v. Commissioner,73 T.C. 1198, 1204 (1980)[3]. Thus, this Court has no jurisdiction to resolve disputes concerning who is entitled to a refund, Snively v. Commissioner,20 T.C. 136 (1953), or whether the right to refund of an overpayment has been offset by other contingencies. Robbins Tire & Rubber Co.,53 T.C. 275, 279 (1969). We likewise lack jurisdiction to determine whether petitioner's right to a refund for an overpayment in estate tax should be offset by an amount due as interest on a liability. "The taxpayer must resort to the district court or the court of claims [now the Claims Court] for a resolution of such disputes or for an order granting a refund." Morse v. United States,supra at 879. See Girard Trust Co. v. Helvering,supra, at 542. *116 Accordingly, An appropriate order will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, unless otherwise indicated. All rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Estate of Baumgardner v. Commissioner,↩ 85 T.C.     (Sept. 11, 1985), relates to payments of interest pursuant to section 6166A made before this Court's determination of an overpayment and comprising a part of the overpayment and is therefore distinguishable.
3. Cf. Shillman v. Commissioner,T.C. Memo. 1984-572↩.