803 F.2d 721
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
DAVID B. SHILLMAN and DOROTHY B. SHILLMAN, Petitioners-Appellants
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 85-1098.
 United States Court of Appeals, Sixth Circuit.
 Sept. 23, 1986.
 
 1
 BEFORE: MILBURN and BOGGS, Circuit Judges, and DEMASCIO, District Judge.*
 
 PER CURIAM
 
 2
 Petitioners-Appellants, David and Dorothy Shillman, appeal from an adverse decision of the Tax Court. For the reasons set forth below, we affirm.
 
 
 3
 On July 11, 1978, Petitioner-Appellant David Shillman and Appellee-Respondent, the Commissioner of Internal Revenue, entered into an "Installment Agreement" (Form 433-D), concerning tax liabilities owed by David Shillman and Mary Shillman, then his wife, for the tax years 1976 and 1977. The agreement provided that David Shillman would pay $500 to the Internal Revenue Service on July 25, 1978, and $500 on the twenty-fifth of each month thereafter until his tax liability was liquidated. The payments through March 1979, were to be applied to Shillman's 1978 estimated taxes; those after March 1979 were to be applied to his 1979 estimated taxes; and "[a]ny refunds generated by credits in excess of actual liability [were to] be applied to back taxes." (App. 101).
 
 
 4
 Shillman made $500 payments on August 3, 1978, August 28, 1978, October 27, 1978, and December 4, 1978, and made a $1500 payment on September 18, 1978. The $500 payments that Shillman had made on August 3 and December 4, 1978, were applied to his 1978 tax year liability, and the other payments, a total of $2,500, were applied to his 1976 tax year liability.
 
 
 5
 Subsequently, the Commissioner of Internal Revenue made a determination of deficiency with respect to the federal income tax liability of David Shillman and his second wife, Dorothy Shillman, for the tax year 1978. The Shillmans petitioned the Tax Court for a redetermination of the tax due, urging the court to rule that, under the terms of the 1978 agreement, the payments made on August 3 and December 4, 1978 (totalling $2500), should have been applied to the 1978 tax year, thus establishing or increasing an overpayment for that year, that is, that the Commissioner had violated the 1978 agreement by applying the $2,500 to the 1976 tax year. The Tax Court, in a Memorandum Findings of Fact and Opinion, reported at 53 T.C.M. (P-H) P 84,572 (1984), declined to take jurisdiction over the issue, stating that it lacked the equity powers to enforce the Installment Agreement, citing White v. Commissioner, T.C. Memo 1974-146, and entered a decision for the Commissioner. The Shillmans appeal to this Court from that decision.
 
 
 6
 The Tax Court has only the limited jurisdiction specifically conferred by the Internal Revenue Code, and that jurisdiction does not include general equitable powers. Commissioner v. Gooch Co., 320 U.S. 418, 420 (1943). Rather, the Tax Court may only determine the amounts of tax liability, and may determine a deficiency or overpayment based on the Commissioner's administrative determination of the amounts of tax paid and their application. 26 U.S.C. Secs. 6214, 6512(b)(1). The Tax Court has no statutory authority to review the administrative actions of the Commissioner.[1] See Perlmutter v. Commissioner, 44 T.C. 382, 398 (1965), aff'd 373 F.2d 45 (10th Cir. 1967). Therefore, the Tax Court correctly ruled that it lacked jurisdiction to enforce the 1978 agreement; accordingly, the judgment of the Tax Court is AFFIRMED.
 
 
 
 *
 The Honorable Robert E. DeMascio, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Even though the Tax Court does not have jurisdiction to review administrative actions of the Commissioner, appellants are not necessarily left without a remedy. They may pursue their contention in federal district court or the Court of Claims. See Morse v. United States, 494 F.2d 876, 879 (9th Cir. 1974)