TCS MANUFACTURING, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
TCS Mfg., Inc. v. Commissioner
Docket No. 13966-81; 22208-82.
United States Tax Court
T.C. Memo 1987-367; 1987 Tax Ct. Memo LEXIS 367; 53 T.C.M. (CCH) 1445; T.C.M. (RIA) 87367; 9 Employee Benefits Cas. (BNA) 1030; July 27, 1987. Roger J. Pearson, for the petitioner. Timothy M. Cotter, for the respondent. TANNENWALD
MEMORANDUM OPINION TANNENWALD, Judge: Respondent determined deficiencies in petitioner's Federal income tax as follows: Additions to Tax
TYE
Deficiency
Sec. 6653(a) [1]
3/31/76
$ 4,475.00
--
3/31/78
8,353.44
--
3/31/79
23,345.00
$ 1,167
3/31/80
34,754.00
1,738
After various *369 concessions, the sole issue for decision is whether petitioner is entitled to a deduction in each of the years at issue for its contribution to a pension plan. All of the facts have been stipulated and are found accordingly. Only those stipulated facts necessary to the disposition of the issue before the Court are set forth below. Petitioner had its principal place of business in Orchard Park, New York at the time the petitions herein were filed. It filed corporate Federal income tax returns (Forms 1120) for the taxable years at issue with the Andover Service Center, Andover, Massachusetts. On March 1, 1974, petitioner adopted the T.C.S. Manufacturing, Inc. Employees Pension Plan (hereinafter the Plan). The Plan is a money purchase, defined contribution plan. The Marine Midland-Western, subsequently Marine Midland Bank, N.A., ("Marine Midland") was the trustee under the Plan's trust agreement. By letter, dated June 17, 1974, respondent issued a favorable determination letter that the Plan and Trust were qualified under section 401. Roger Pearson ("Pearson"), the President and sole shareholder of petitioner,, succeeded Marine-Midland as trustee as of June 14, 1978. *370 The Plan provided that, for each Plan year, petitioner was to contribute on behalf of each participant an amount equal to 40 percent of the participant's contribution for such plan year. During the taxable years at issue, section 401(a)(16) provided that a trust would not constitute a qualified trust if the plan provided for benefits or contributions in excess of the limitations of section 415. Section 415(a)(1)(B) provided that such a trust will not qualify if "in the case of a defined contribution plan, contributions and other additions under the plan with respect to any participant for any taxable year exceed the limitations of subsection (c)." Section 415(c)(1) provided as follows: (1) IN GENERAL. -- Contributions and other additions with respect to a participant exceed the limitation of this subsection if, when expressed as an annual addition (within the meaning of paragraph (2)) to the participant's account, such annual addition is greater than the lesser of -- (A) $ 25,000, or (B)$ 25 percent of the participant's compensation. Section 415(c)(2) provided, in relevant part: (2) ANNUAL ADDITION. -- For purposes of paragraph (1), the term "annual addition" means the *371 sum for any year of -- (A) employer contributions, (B) the lesser of -- (i) the amount of the employee contributions in excess of 6 percent of his compensation, or (ii) one-half of the employee contributions, and (C) forfeitures. The foregoing provisions were enacted on September 4, 1974, after the issuance of respondent's favorable determination letter, as counterparts to the simultaneously enacted Employee Retirement Income Security Act of 1974, Pub. L. 93-406, 88 Stat. 829. It is undisputed that petitioner's contributions to the trust during the taxable years at issue exceeded the limitations imposed by section 415. Thus, unless some other avenue is available to salvage petitioner's deductions, respondent must prevail on the issue before us. Section 401(b) provides as follows: (b) CERTAIN RETROACTIVE CHANGES IN PLAN. -- A stock bonus, pension, profit-sharing, or annuity plan shall be considered as satisfying the requirements of subsection (a) for the period beginning with the date on which it was put into effect, or for the period beginning with the earlier of the date on which there was adopted or put into effect any amendment which caused the plan to fail to *372 satisfy such requirements, and ending with the time prescribed by law for filing the return of the employer for his taxable year in which such plan or amendment was adopted (including extensions thereof) or such later time as the Secretary may designate, if all provisions of the plan which are necessary to satisfy such requirements are in effect by the end of such period and have been made effective for all purposes for the whole of such period. Pursuant to the authority set forth in section 401(b), Section 1.401(b)-1, Income Tax Regs., sets forth various conditions in respect of the grant of a retroactive change by respondent, including the establishment of a "remedial amendment period." See also Rev. Rul. 82-66, 1982-1 C.B. 61. In response to an application by petitioner and in accordance with the foregoing provisions, respondent issued a retroactive favorable determination letter, on January 13, 1984k, conditioned, however, on limiting petitioner's deduction for contributions and requiring the inclusion of corresponding amounts in the income of the participants in the Plan. For reasons which related to the taxable years of certain contributions, contained in the *373 agent's report underlying respondent's determination letter and which do not seem relevant herein, [2] petitioner recites on brief that it rejected respondent's action. It is unclear from the record herein precisely what arrangements were subsequently arrived at by petitioner and respondent. [3]
We have made strenuous efforts,, despite our lack of a complete background description and analysis (see note 3, supra), to discover a basis for sustaining petitioner's claims deductions. The burden of proof is on petitioner, Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), and the fact that this case was submitted fully stipulated does not lessen that burden. Service Bolt & Nut Co. Trust v. Commissioner,78 T.C. 812, 819 (1982), affd. 724 F.2d 519 (6th Cir. 1983); Hallowell v. Commissioner,56 T.C. 600, 608 (1971); *374 Rule 122(b). Moreover, to the extent that petitioner's claim may rest upon a contention that respondent's actions in the exercise of his discretion as to retroactive relief, are arbitrary, its burden of proof is greater than the usual preponderance of the evidence. Oakton Distributors, Inc. v. Commissioner,73 T.C. 182, 188 (1979). Based upon the record before us, we are not persuaded that respondent's determinations as to the nondeductibility of petitioner's contributions in accordance with the Plan were arbitrary or otherwise in error. [4] Those determinations are therefore sustained. Finally, we address other requests for relief by petitioner: (1) It appears that Marine-Midland filed Fiduciary income tax returns (Form 1041) with respondent for each of the fiscal years ended March 30, 1978 through March 30, 1984 and paid taxes, interest and penalties for those years. Petitioner asks to order respondent to refund said taxes, *375 interest and penalties. Aside from any question as to the substantive merit in respect of Marine-Midland's liability, as trustee, we have no jurisdiction to grant petitioner's request. The Marine-Midland, as trustee, under the Plan is a separate taxable entity from petitioner, no deficiency notice has been issued to the Marine-Midland, and we therefore have no jurisdiction over any claim for overpayment which the Marine-Midland as trustee might have. See Continental Equities, Inc. v. Commissioner,551 F.2d 74, 79-80 (5th Cir. 1977); Morse v. United States,494 F.2d 876, 879 (9th Cir. 1974). [5] Moreover, we note that this request by petitioner is apparently predicated on the fact that respondent's deficiency notice sought to tax the income of the trust under the Plan to petitioner, an issue which respondent has conceded on brief. (2) It appears that the Marine-Midland, *376 as trustee, may have similarly filed Fiduciary income tax returns with New York State and paid taxes, interest and penalties. Petitioner asks us to advise the New York State Income Tax Bureau that the amounts so paid should be refunded. Obviously, aside from an question as to the substantive merit in respect of Marine-Midland's liability as trustee, compliance with petitioner's request is totally beyond our power. (3) Petitioner asks for an award of attorney's fees and costs. Clearly, any such claims are premature. Beyond this element, it is apparent that petitioner has not "substantially prevailed." Section 7430(c)(2)(A)(ii). In order to reflect the various concessions, Decisions will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code in effect during the taxable years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. The stipulation of facts has corrected these errors. ↩
3. This lack of clarity is only one example of the failure of the parties to provide the Court with additional facts and analysis as to the background of the various events involved herein, thereby affording the Court a better understanding of the situation. ↩
4. We note that, on brief, respondent concedes that petitioner will be entitled to a partial deduction for its fiscal year ended March 31,1980. We assume that this concession will be taken into account in the Rule 155 computation. ↩
5. The record contains a number of documents relating to a proceeding in the United States District Court for the Western District of New York involving Marine-Midland and petitioner which, in light of our limited jurisdiction, are not relevant to the issue in the instant case. ↩