141 F.3d 1177
 81 A.F.T.R.2d 98-1083, 98-1 USTC P 50,261
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Chuck LESTER, Plaintiff-Appellant,
v.
United States of America, Defendant-Appellee.
 No. 97-35041.
D.C. No. CV-95-01455-JO.
 United States Court of Appeals, Ninth Circuit.
 Submitted Mar. 2, 1998**.
Decided Mar. 5, 1998.
 
 Appeal from the United States District Court for the District of Oregon Robert E. Jones, District Judge, Presiding.
 Before FERNANDEZ, RYMER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Lester appeals the dismissal of his action for lack of jurisdiction. We have jurisdiction, 28 U.S.C. § 1291, and affirm for the reasons stated by the district court.
 
 
 3
 Lester argues that the district court failed to understand that he could bring this suit because the tax for which his complaint sought a refund was an "income tax" even though it was for FICA (and FUTA) taxes. However, FICA (and FUTA) taxes are "employment taxes" under the Internal Revenue Code, payable by the employer which in this case was Chuck Lester Inc. I.R.C. §§ 3102(b); 3111. In any event, Lester filed no administrative claim for refund of either income or employment taxes. He could not, therefore, maintain this action. I.R.C. § 7422(a).
 
 
 4
 Morse v. United States, 494 F.2d 876 (9th Cir.1974), upon which Lester relies, is inapplicable because there, the taxpayer claimed refunds of taxes paid in her behalf by someone else. Here, employment taxes were assessed against Chuck Lester Inc. for its own liability, not for any liability of Lester individually.
 
 
 5
 Nor is Lester's situation analogous to Bethel Baptist Church v. United States, 629 F.Supp. 1073 (M.D.Pa.1986), aff'd, 822 F.2d 1334 (3d Cir.1987), where the Church's employees authorized it, in accordance with Treas. Reg. § 31.6402(a)-2(a)(2)(i), to file a claim for refund of taxes withheld from their wages. Chuck Lester Inc. never withheld employment taxes from Lester's wages and nothing in the record indicates that Chuck Lester Inc.'s administrative refund claim sought a refund on Lester's behalf as well as on its own. Therefore, Chuck Lester Inc. is the only party that could bring suit for refund of the employment taxes it paid.
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3