842 F.2d 331
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ESTATE OF Essiy FINK, deceased; Martin Bruseloff, Temporary
Personal Representative, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 87-1004.
 United States Court of Appeals, Sixth Circuit.
 March 29, 1988.
 
 Before KRUPANSKY and RYAN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 RYAN, Circuit Judge.
 
 
 1
 The plaintiff-appellant, the Estate of Essiy Fink, brought a refund suit in the district court to recover overpayments made in the tax years 1970-1974. The Tax Court had determined that overpayments existed in Essiy Fink's account for the years 1970, 1973, and 1974. Additionally, Essiy had filed claims for refunds of amounts paid in 1971 and 1972. The district court granted the government's motion to dismiss with respect to all of the claims because Mr. Fink was not the "person who made the overpayment," and therefore, his estate lacked standing to bring a refund action pursuant to 26 U.S.C. Sec. 6402(a). We affirm.
 
 
 2
 In 1969, Essiy Fink allowed Martin and Paul Bruseloff to operate an ovenware business under his name. Mr. Fink was otherwise minimally involved with the business. As agreed, Martin Bruseloff arranged to have income tax liabilities related to the business which were reflected on Mr. Fink's returns, paid for with proceeds from the business. In 1978 and 1979, deficiencies in Mr. Fink's returns for 1970, 1973, and 1974 were asserted by the Internal Revenue Service (IRS), and Mr. Fink petitioned the Tax Court for a determination. With respect to those years, the Tax Court determined that no deficiencies existed, and instead found overpayments in the IRS's account in the name of Essiy Fink. Guardianship of Essiy Fink, George Fink, Fiduciary v. Commissioner, T.C. Memo 1984-505. In such a deficiency suit, the Tax Court's jurisdiction is narrowly prescribed by 26 U.S.C. Sec. 6512(b)(1), and is limited to determining the amount of the deficiency or the overpayment. Morse v. United States, 494 F.2d 876, 879 (9th Cir.1974) (citing Commissioner v. Gooch Milling & Elevator Co., 320 U.S. 418 (1943)). The Tax Court does not have jurisdiction to order or deny a refund. Id. (citing United States ex rel Girard Trust Co. v. Helvering, 301 U.S. 540, 542 (1937)). Once an overpayment has been determined, a suit can be brought pursuant to 26 U.S.C. Sec. 6402(a) in the district court.
 
 
 3
 With respect to the overpayments determined by the Tax Court to exist for the years 1970, 1973, and 1974, the Estate claims that Sec. 6512(b)(1) mandates payment to the taxpayer, a duty which cannot be further limited by Sec. 6402(a)'s "to the person who made the overpayment" language. The Estate recognizes that Sec. 6512(b)(1) does not confer upon the Tax Court jurisdiction to order a refund, but claims that the IRS's duty is defined by that statute, therefore binding the district court to make a refund to the taxpayer even if that person is not the "person who made the overpayment." However, Sec. 6512(b)(1) is likewise limited to situations in which it has been determined that the "taxpayer has made an overpayment." Therefore, the sole issue is whether Mr. Fink is the "person who made the overpayment" with respect to the amounts paid annually from 1970-1974.
 
 
 4
 The district court found that Mr. Fink was not the "person who made the overpayment," and therefore his estate did not have standing. On review, we note that the underlying facts as determined by the Tax Court in the deficiency suit are not disputed by the parties.[1] However, the district court's legal conclusion that the estate lacks standing to obtain a refund is subject to de novo review. Bruce v. United States, 759 F.2d 755, 758 (9th Cir.1985).
 
 
 5
 We find that the district court properly relied on Bruce to determine that the Estate was not entitled to a refund. In Bruce, the Ninth Circuit stated that the phrase the "person who made the overpayment" was not to be interpreted literally. Id. at 759. Rather, "the facts of each case must be analyzed to determine whether a plaintiff has standing to obtain a refund under Sec. 6402(a)." Id. at 759. The district court properly determined that the facts of this case establish that Mr. Fink was not the "person who made the overpayment." It is clear that he merely lent his name to the ovenware business and obtained no interest in the income of that business or the funds from that business used to pay the tax liability arising therefrom.
 
 
 6
 Our brother's dissent maintains that we have failed to follow this court's decision in De Niro v. United States, 561 F.2d 653 (6th Cir.1977). But we think our reasoning is not inconsistent with De Niro which is factually distinguishable from this case. De Niro was not a case in which the assessed taxpayer voluntarily agreed to allow another to produce taxable income and allowed that other pay the arising taxes while using the assessed taxpayer's name as a conduit. Here, an examination of the facts indicates that Mr. Fink was not actually the person being assessed and was not the person whose funds paid the taxes assessed.
 
 
 7
 In De Niro, two corporations were involuntarily treated by the I.R.S. as if they owed estate taxes owed by the estate of their controlling shareholder. Thereafter, the corporations paid the taxes with their own funds. Although the corporations were not before the court, the court noted in dicta that they had standing to sue for a refund since the I.R.S. had treated them as taxpayers. Id. at 656. The court specifically noted that if the corporation had voluntarily paid the taxes, they would lack standing to sue for a refund. Id. at 657. In this case, Mr. Fink voluntarily agreed to pay another's taxes with the other person's funds.
 
 
 8
 Although the De Niro court stated that "one other than the actual payer of a tax may have standing to sue for a refund," it is important to note the context in which this rule was applied. The De Niro court spoke to a situation in which De Niro's estate, the assessed taxpayer, was constructively found to be the source from which the funds were collected.
 
 In its brief, the government stated:
 
 9
 p We do not dispute that where a corporation pays the tax liability of its controlling shareholder, a transaction might, in appropriate circumstances, be treated as the distribution of a constructive dividend, and that such shareholder might then be entitled to maintain a refund suit on his own behalf, as any overpayment would then belong to him rather than the corporation.
 
 
 10
 Under our analysis of the facts, that is exactly the case before us.
 
 
 11
 Id. at 657. However, the facts before us are different. We do not find that "constructively" Essiy was an assessed taxpayer from whom the taxes were collected. Instead, given the sources of the tax liability and the funds used to pay the taxes, it is clear that Mr. Fink voluntarily allowed himself to be assessed the taxes of another and then allowed the taxes to be paid with the other's funds. Lastly, we reject the Estate's claim that unless another party is entitled to the refund it should be given to the named taxpayer.
 
 
 12
 For the reasons stated above, and those stated in the district court's opinion below, we AFFIRM the district court's order of November 26, 1986, granting the government's motion to dismiss this case with prejudice.
 
 
 13
 CONTIE, Senior Circuit Judge, dissenting.
 
 
 14
 The majority holds that the district court properly determined that the facts of this case establish that Essiy Fink was not the "person who made the overpayment" within the meaning of 26 U.S.C. Sec. 6402(a), and that, therefore, his estate is not entitled to the refund at issue. The majority does not follow this court's decision in DeNiro v. United States, 561 F.2d 653 (6th Cir.1977). Accordingly, I dissent.
 
 
 15
 This court has already rejected the government's argument that to be a proper party in a refund suit, the person seeking a refund must show that the United States has assessed and collected the taxes from him. Id. at 657. In DeNiro, we held that one other than the actual payer of a tax may have standing to sue for a refund. Id. DeNiro involved a situation in which two corporations were assessed a tax owed by their controlling shareholder. In DeNiro, by its actions, the Internal Revenue Service (IRS) had treated the corporate plaintiffs below as "taxpayers," i.e., ones subject to a tax, see 26 U.S.C. Sec. 7701(a)(14), and, therefore, the corporations had standing to sue for a refund. Id. at 656. The corporate plaintiffs, however, had not appealed from the district court's dismissal of their actions. Therefore, this court went on to hold as follows:
 
 
 16
 Since the estate of Vincent DeNiro was the controlling shareholder in both corporations, payment of its tax liability by the corporations gave the estate the right to sue for a refund. Since no personal representative had been appointed, the appellees, as "executors" under Sec. 2203, should be permitted to seek the refund on behalf of the estate.
 
 
 17
 Id. at 657. We specifically noted in DeNiro that the candidates for the refund other than the appellees were precluded from recovering in that case because they had failed to appeal from the district court's dismissal of their actions. Id.
 
 
 18
 Similar to DeNiro, in the instant case Essiy Fink was assessed the tax. Additionally, Essiy Fink was later assessed the deficiency. His estate was compelled to pay this alleged deficiency or to challenge the assessments. If the alleged deficiency had existed, the IRS would not have hesitated before collecting from the estate. The IRS has treated Essiy Fink as a taxpayer and, therefore, he had and his estate now has standing to sue for a refund regardless of whether the overpayment was collected from him.
 
 
 19
 Also similar to DeNiro, it appears that the other candidates for the refund will be precluded from recovering from the IRS. Because the majority does not follow the dictates of DeNiro by considering this outcome, the IRS will be permitted to retain a windfall.
 
 
 20
 Because it is undisputed that the IRS has treated Essiy Fink as a taxpayer, and because it appears that other candidates for the refund will be precluded from recovering from the IRS, I would reverse the district court's judgment.
 
 
 
 [1]
 The Estate's motion for summary judgment, which was denied by the district court, conceded that: "The issue herein is one of law, not of fact, as the operative facts were determined in the U.S. Tax Court case of Fink v. Commissioner, T.C. Memo 1984-505." Likewise, the I.R.S. agreed that those facts apply to this case in its brief