978 F.2d 714
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael Gene DAVID, Plaintiff-Appellant,
v.
Samuel A. LEWIS, Director; Dale Copeland, Warden; Joseph
Morse, Law Library Supervisor; M.O. Savage,
Deputy Warden, Defendants-Appellees.
 No. 92-15426.
 United States Court of Appeals, Ninth Circuit.
 Nov. 6, 1992.
 
 Before SCHROEDER, FLETCHER and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael G. David, an Arizona state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 civil rights action alleging that prisoners at the Perryville Arizona State Prison Complex are being denied access to the courts. The district court dismissed the action on the grounds that David (1) failed to allege a personal injury sufficient to establish standing to bring this action, and (2) was no longer housed at Perryville prison and there was no indication that he would be transferred back to Perryville in the future. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand.
 
 
 3
 We review de novo the district court's determination regarding standing. Bruce v. United States, 759 F.2d 755, 758 (9th Cir.1985).
 
 
 4
 Prison inmates have a constitutional right to "meaningful" access to the courts through "adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828 (1977); Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir.1990). "In determining whether this constitutional minimum has been breached, we 'focus on whether the individual plaintiff before [us] has been denied meaningful access.' " Wood, 900 F.2d at 1335 (quoting King v. Atiyeh, 814 F.2d 565, 568 (9th Cir.1987)).
 
 
 5
 To establish standing to challenge the constitutionality of prison conditions, the plaintiff must show (1) a distinct and concrete actual or threatened injury to the plaintiff, (2) traceable to the defendant's allegedly illegal conduct, (3) likely to be redressed by the requested relief. Darring v. Kincheloe, 783 F.2d 874, 877 (9th Cir.1986).
 
 
 6
 In civil rights actions where the plaintiff appears pro se, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988). Before dismissing a complaint, the district court must give a pro se litigant an opportunity to amend, unless it is absolutely clear that the complaint's deficiencies cannot be cured by amendment. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987).
 
 
 7
 In his complaint, David alleges that prisoners at Perryville are not provided adequate law libraries or adequate assistance from persons trained in the law. He also alleges that prisoners in "lockdown" status are denied all access to the prison law libraries. He requests an injunction to "correct all illegal and unconstitutional conditions of the Law Library." Complaint at 4. David does not, however, allege an actual or threatened injury to himself.
 
 
 8
 Although the district court dismissed the action in part on the ground that David was no longer housed at Perryville, defendants concede that dismissal on mootness grounds was improper because at the time the district court issued its order, David had been transferred back to Perryville. Additionally, although David alleges on appeal that he is housed in a "lockdown unit," this allegation is nowhere in his complaint. David also does not allege any actual or threatened personal injury due to the alleged deficiencies in the prison law library. In view of David's pro se status, however, he should have been granted leave to amend his complaint with instructions on how to cure the complaint's deficiencies. See Noll, 809 F.2d at 1448. Accordingly, we reverse the district court's dismissal of David's action, and remand to permit David leave to amend his complaint.
 
 
 9
 REVERSED and REMANDED.
 
 
 
 **
 This disposition is now appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4