87 F.3d 1319
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Curtis HASKINS; Mary Ann Haskins, Plaintiffs-Appellants,
v.
FARMERS HOME ADMINISTRATION; Lynn F. Smith; Wallace
Edland; Elwin Manicke; John Does, Defendants-Appellees.
 No. 95-35004.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1996.*
Decided June 19, 1996.
 
 Before: CANBY, NOONAN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Chapter 7 debtors Curtis and Mary Ann Haskins ("Haskinses") appeal pro se the district court's summary judgment for defendants in their action alleging various constitutional and statutory violations arising from loans made by the Farmers Home Administration ("FmHA") to the Haskinses. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 The Haskinses contend that the district court erred by granting summary judgment for defendants on the basis that the Haskinses lacked standing to bring their action against defendants. We review de novo a district court's determination that a party lacks standing to bring an action in federal court. See Bruce v. United States, 759 F.2d 755, 758 (9th Cir.1985).
 
 
 4
 Upon filing a petition for bankruptcy, a debtor's legal or equitable interests in all property becomes property of the bankruptcy estate. 11 U.S.C. § 541(a)(1). "The scope of section 541 is broad, and includes causes of action" based on events that occurred prior to the filing of a bankruptcy petition. Sierra Switchboard Co. v. Westinghouse Elec. Corp., 789 F.2d 705, 707 (9th Cir.1986). A trustee, as the representative of the bankruptcy estate, is "the proper party in interest, and the only party with standing" to prosecute causes of action belonging to the estate. Moneymaker v. CoBen (In re Eisen), 31 F.3d 1447, 1451 n. 2 (9th Cir.1994) (internal quotations omitted); see 11 U.S.C. § 323.
 
 
 5
 Here, the Haskinses filed their complaint more than three years after they filed their bankruptcy petition in 1988. In their amended complaint, the Haskinses alleged that defendants committed numerous constitutional and statutory violations arising from a series of loans dating back to the years 1977 to 1985. Because the Haskinses' suit involved events that occurred before they filed for bankruptcy, the cause of action constituted property that belonged to the bankruptcy estate. See Sierra Switchboard Co., 789 F.2d at 707; 11 U.S.C. § 541(a)(1). Thus, the trustee was the proper party to sue defendants. See Moneymaker, 31 F.3d at 1451 n. 2; 11 U.S.C. § 323. Because the record indicates that the trustee did not abandon this cause of action to the Haskinses, see 11 U.S.C. § 554, they lacked standing to sue defendants. See Moneymaker, 31 F.3d at 1451 n. 2; cf. Sierra Switchboard Co., 789 F.2d at 709-10 (holding that, absent notification to creditors by trustee of intent to abandon a claim for emotional distress, debtor lacked standing to sue because the claim remained property of the bankruptcy estate).
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. To the extent that appellants have requested oral argument, their request is denied. Appellants' motion to file a supplement to their reply brief is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although the district court reasoned that summary judgment was appropriate because the court considered materials outside of defendants' motion to dismiss, we note that a district court may consider matters outside the pleadings on a motion to dismiss for lack of jurisdiction without treating the motion as one for summary judgment. See St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir.), cert. denied, 493 U.S. 993 (1989); Capitol Indus.-EMI, Inc. v. Bennett, 681 F.2d 1107, 1118 n. 29 (9th Cir.), cert. denied, 455 U.S. 943 (1982). Because the record indicates that the district court properly considered evidence regarding its subject matter jurisdiction and did not reach the merits of the Haskinses' claims, we affirm the district court's judgment. See Bruce, 759 F.2d at 758 (stating that court of appeals "may affirm [a] district court's legal results even if they were reached for the wrong reasons")