ATLAS HOTELS, INC.; BW/IP International; C & R Clothiers, Inc.; California Pacific Medical Center; Chronical Publishing Company; Claris Corporation; Ensr Corporation; First Capital Life Insurance Company; Kemper Securities, Inc.; National Data Corporation; Springfield Sugar & Products, Inc.; Stanford Health Services; Sun Microsystems, Inc.; Sunbelt Beverage Corporation; William Marsh Rice University, Plaintiffs–Appellants,

v.

UNITED STATES of America, Defendant–Appellee.

No. 96–16768.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 8, 1997.

Decided April 6, 1998.

Tommy A. Conner, San Francisco, CA, for plaintiffs-appellants.

Pamela C. Berry, Tax Division, Department of Justice, Washington, DC, for defendant-appellee.

Before: SCHROEDER, BEEZER, and BRUNETTI, Circuit Judges.

BRUNETTI, Circuit Judge:

Appellants, Sunbelt Beverage Corporation and other companies that had contracted with Hamilton Taft and Company to perform

payroll tax services, appeal the district court's grant of summary judgment for the United States in the appellants' action seeking a refund of late payment penalties and interest paid by Hamilton Taft to the Internal Revenue Service pursuant to 26 U.S.C. § 6656. The district court found that appellants lacked standing to sue for refund as they did not pay the penalties, did not have a financial interest in the funds used to pay the penalties, and did not have a valid assignment of Hamilton Taft's rights under the Assignment of Claims Act, 31 U.S.C. § 3727. We have jurisdiction, 28 U.S.C. § 1291, and affirm.

## Facts

Appellants individually entered into written agreements with Hamilton Taft for the provision of payroll tax services. Per the agreement, Hamilton Taft was to timely deposit payroll taxes with the IRS and file any necessary payroll tax returns. Each appellant provided Hamilton Taft with the necessary information and sufficient funds for Hamilton Taft to timely pay its clients' payroll tax liabilities. Hamilton Taft received fees for specific services and the "float" on the money that its clients paid to it in advance of the dates on which the amounts were required to be sent to the taxing authorities.

In reality, during 1989 and 1990, Hamilton Taft's owner, Connie Armstrong, Jr., and a select group of his associates (collectively referred to as "the conspirators" by the district court) improperly diverted millions of dollars of payroll tax deposits to other companies owned by the conspirators. As a result, payments to the IRS were not timely made by Hamilton Taft. Hamilton Taft did eventually make the original payments owed to the IRS, and the resulting late payment penalties, by using subsequently deposited funds of other clients from the commingled client fund. In early 1991, the conspiracy was eventually exposed by a former Hamilton Taft controller.

Following discovery of the conspiracy, creditors of Hamilton Taft filed an involuntary bankruptcy petition under Chapter 11. Appellants filed claims against Hamilton Taft for refund of amounts tendered for payment of payroll taxes that remained outstanding for the first quarter of 1991. Each appellant received approximately sixty-seven percent of its claim. During bankruptcy proceedings, Hamilton Taft purportedly assigned to each appellant its right to a refund of the penalties Hamilton Taft paid for that appellant's failure to make a timely deposit of payroll taxes.

Subsequently, each appellant filed suit against the United States seeking a refund of penalties paid to the IRS by Hamilton Taft. These suits were consolidated by the district court. Summary judgment was granted for the United States and this appeal followed.

## Analysis

■ We review the district court's grant of summary judgment *de novo*. *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n,* 809 F.2d 626, 629 (9th Cir.1987). Accordingly, we view the evidence in the light most favorable to the nonmoving party to determine whether there are any genuine issues of material fact and whether the district court applied the relevant substantive law. *Tzung v. State Farm Fire & Casualty Co.,* 873 F.2d 1338, 1339–40 (9th Cir.1989). Upon *de novo* review, we find that the district court properly granted summary judgment for the United States.

■ Appellants argue that they have standing to sue for a refund because, individually, each is the "person who made the overpayment" as required under 31 U.S.C. § 6402(a). Appellants' argument is not supported by the record.

It is undisputed that Hamilton Taft paid the penalties at issue. Moreover, standing under § 6402(a) is premised upon the claimant having a "financial interest in the litigation." *See Bruce v. United States,* 759 F.2d 755, 759 (9th Cir.1985). Where the claimant is under no obligation to repay the party who paid the penalties, we have held that the claimant does not have a financial interest in the litigation. *Id.* Here, the agreements between appellants and Hamilton Taft provided that the appellants were not obligated to reimburse Hamilton Taft for penalties paid due to Hamilton Taft's negligence.

■ Appellants alternatively argued that they have standing to sue because of Hamilton Taft's purported assignment of their

rights to the appellants. Hamilton Taft's purported assignment is void against the United States for failure to comply with the requirements of the Assignment of Claims Act. The Assignment of Claims Act requires that for the assignment of a claim against the United States to be valid, at the time of assignment, the claim must be allowed, the amount of the claim decided, and a warrant for payment must have issued. 31 U.S.C. § 3727. None of these requirements were met here.

Accordingly, appellants lack standing to sue for a refund. The district court properly granted summary judgment for the United States.

AFFIRMED.