NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 8 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DEBBIE ALICE THOMPSON, | No. 20-16376 |
| Plaintiff-Appellant, | D.C. No. 5:20-cv-02107-EJD |
| v. | |
| U.S. BANK, N.A., as Trustee, successor in interest to Bank of America, National Association, as Trustee as successor by merger to Lasalle Bank, National Association as Trustee for WaMu; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Argued and Submitted July 30, 2021
San Francisco, California

Before: McKEOWN and NGUYEN, Circuit Judges, and LAMBERTH,** District
Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Royce C. Lamberth, United States District Judge for the District of Columbia, sitting by designation.

1

Debbie Thompson appeals from the district court's denial of her motion to remand to state court and dismissal of her claims on the ground of res judicata. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

As to diversity jurisdiction, "[t]he district court's factual findings are reviewed under the clearly erroneous standard." *Co-Efficient Energy Sys. v. CSL Indus., Inc.*, 812 F.2d 556, 557 (9th Cir. 1987) (citing *Bruce v. United States*, 759 F.2d 755, 758 (9th Cir. 1985)). By contrast, "[t]he ultimate legal conclusion that the underlying facts are insufficient to establish diversity jurisdiction is subject to de novo review." *Id.* As to preclusion issues, "[w]e review de novo a district court's dismissal based on res judicata." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (citing *Cabrera v. City of Huntington Park*, 159 F.3d 374, 381 (9th Cir. 1998) (per curiam)).

The district court properly held that it had diversity jurisdiction. As to the non-diverse defendants, the district court correctly determined that Collen Irby, California Reconveyance Company, Quality Loan Service Corporation, and McCarthy & Holthus, LLP have no interest in Thompson's property and thus are merely "nominal." *See SEC v. Colello*, 139 F.3d 674, 676 (9th Cir. 1998). Because they are nominal, the district court properly disregarded their citizenship in the jurisdictional analysis. *See Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000). Further, the relevant defendant— U.S.

2

Bank, N.A. ("U.S. Bank")—*is* diverse. Though the district court failed to grapple with this point, U.S. Bank is the real party in interest to this litigation, rather than the WaMu Mortgage Pass-Through Certificates Series 2006-AR9 Trust. *See Demarest v. HSBC Bank USA, N.A.*, 920 F.3d 1223, 1226–31 (9th Cir. 2019) (holding that the trustee of a real estate investment trust was the real party in interest for diversity purposes); *see also In re Leavitt*, 171 F.3d 1219, 1223 (9th Cir. 1999) ("The appellate court may affirm the lower court on any ground fairly supported by the record."). And U.S. Bank is a citizen of Ohio. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006). So as between the relevant parties, there was complete diversity, since Thompson is a citizen of California.

The district court also properly determined that the amount-in-controversy requirement was satisfied. In an action in equity, the "amount in controversy" may be established by examining "the value of the object of the litigation." *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977); *accord Chapman v. Deutsche Bank Nat'l Tr. Co.*, 651 F.3d 1039, 1045 n.2 (9th Cir. 2011) (per curiam). Here, the object of the litigation is Thompson's home. Because Thompson's home has been valued at well over $2 million, the district court correctly concluded that the amount-in-controversy requirement was satisfied. The district court thus properly determined, after removal, that it had jurisdiction on the basis of diversity.

Thompson's argument that the district court should have somehow abstained from exercising removal jurisdiction on "public policy" grounds is unpersuasive. The requirements for diversity jurisdiction being satisfied, the district court was bound to exercise it. *Cohens v. Virginia*, 19 U.S. (6 Wheat.) 264, 404 (1821) ("We have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given."); *accord Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). Thompson's more law-centric arguments for remand (such as *Burford* abstention) fail as well. *See Burford v. Sun Oil Co.*, 319 U.S. 315, 316–18 (1943). Thompson has not shown that any of the preconditions for such abstention are present in this case.

Turning to the merits, the district court erred in applying federal-common-law principles of res judicata. As the Supreme Court explained in *Semtek*, when a federal court assesses the preclusive effect of an earlier judgment rendered by another federal court sitting in diversity, the second court must apply "the law that would be applied by state courts in the State in which the federal diversity court s[at]." *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001); *see also Daewoo Elecs. Am. Inc. v. Opta Corp.*, 875 F.3d 1241, 1244 (9th Cir. 2017) ("When it is necessary for a federal district court with diversity jurisdiction to determine the preclusive effect of a prior decision by a different federal district court sitting in diversity, the second court must apply preclusion principles

4

according to the law of the initial court's state."). Thus, the district court was bound to apply *California* preclusion doctrine, rather than general preclusion principles drawn from federal common law.

That error was harmless, however, because California employs a similar preclusion regime under its "primary right" doctrine. *See Boeken v. Philip Morris USA, Inc.*, 230 P.3d 342, 344 (Cal. 2010). Under California law, for each "primary right" that is violated by "a breach of the corresponding duty," there is only one corresponding "cause of action"—one "right to obtain redress for a harm suffered, regardless of the specific remedy sought or the legal theory (common law or statutory) advanced." *Id.* at 344, 348, 353. So in practical terms, California courts apply res judicata when a subsequent suit involves "(1) the same *cause of action* (2) between the same parties (3) after a final judgment on the merits in the first suit." *DKN Holdings LLC v. Faerber*, 352 P.3d 378, 386 (Cal. 2015) (emphasis added).

Here, all of those conditions are met. First, Thompson's 2016 and 2020 lawsuits assert exactly the same cause of action—the right to obtain redress on the theory that her home is being wrongfully foreclosed on by U.S. Bank, given its allegedly invalid interest in her property. Second, the suits involve the same parties, since the parties to the 2016 and 2020 actions are in privity. *See id.* at 387–88. U.S. Bank is the real party in interest and was actually involved in both actions;

5

thus, it is obviously "the same party" for preclusion purposes. As to the parties newly joined in the 2020 action, Thompson has articulated no theory of their individual wrongdoing other than that they are somehow involved in U.S. Bank's allegedly wrongful foreclosure. But U.S. Bank's allegedly wrongful foreclosure was precisely the substance of her 2016 action, so U.S. Bank had precisely the same interest in contesting Thompson's theory in the earlier suit. In that earlier suit, then, U.S. Bank served as the new defendants' "'virtual representative' in the first action." *Id.* at 388 (cleaned up). And last, the district court in the 2016 action issued a "final judgment on the merits," as California law defines it, when it dismissed Thompson's 2016 complaint. In the 2016 action, the district court specified that its dismissal was "with prejudice and without leave to amend." California law is clear that "a dismissal with prejudice is the equivalent of a final judgment on the merits." *Boeken*, 230 P.3d at 345; *see Wouldridge v. Burns*, 71 Cal. Rptr. 394, 396 (Ct. App. 1968) ("A dismissal with prejudice of an action is a bar to the bringing of the same cause of action thereafter, and precludes the plaintiff from litigating that issue again." (quoting *Palmquist v. Palmquist*, 27 Cal. Rptr. 756, 757 (Ct. App. 1963)). Because all the elements of California's preclusion test are satisfied, Thompson's 2020 action is indeed precluded.

Thompson's other arguments are without merit. And because the court below both properly assumed jurisdiction and reached the correct holding that

6

Thompson's suit was precluded, we do not consider appellees' alternative grounds for affirmance.

**AFFIRMED**.